**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4179**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MOSES KING,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:05-cr-00218-DCN-3)

Submitted: February 9, 2007          Decided: May 3, 2007

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James W. Smiley, IV, LAW OFFICES OF JAMES W. SMILEY, IV, Charleston, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moses King appeals his conviction of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and attempted possession with intent to distribute five kilograms or more of cocaine. He claims that the district court improperly admitted testimony of a prior conviction. We affirm.

A certified copy of the conviction was entered as evidence. A federal agent testified briefly that he obtained the document and that King pled guilty in 1993 to conspiracy to distribute cocaine and heroin. The court subsequently instructed the jury:

> Ladies and gentlemen of the jury, the Government just offered evidence tending to show that on different occasions the defendant engaged in conduct similar to that charged in the indictment. In that connection, I want to remind you that the defendant is not on trial for committing any crime not alleged in the indictment. Accordingly, you may not consider this evidence of a similar act as a substitute for proof that the defendant committed the crimes he's charged with.
>
> . . . If you determine the defendant committed the acts alleged in furtherance of the conspiracy charge, you may, but you need not, consider such evidence in determining whether or not the Government has proved the conspiracy alleged in the indictment and the defendant's participation in it beyond a reasonable doubt.
>
> Specifically, you may not use this evidence to conclude that because the defendant committed the other act alleged, he must also have committed the acts alleged in the indictment.

King contends that admission of the evidence violated Fed. R. Evid. 404(b) and was more prejudicial than probative.

Evidence of other crimes "is not admissible to prove the character of a person in order to show action in conformity therewith.   It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  Rule 404(b) is "a rule of inclusion, not <u>exclusion</u>." <u>United States v. Smith</u>, 441 F.3d 254, 262 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 226 (2006).   To be admissible under Rule 404(b), evidence must be "(1) relevant to an issue other than character; (2) necessary; and (3) reliable."  <u>United States v. Wells</u>, 163 F.3d 889, 895 (4th Cir. 1998) (internal quotation marks omitted).   The evidence must also satisfy the requirement of Fed. R. Evid. 403: "its probative value must not be 'substantially outweighed' by its prejudicial nature."   <u>United States v. Queen</u>, 132 F.3d 991, 995 (4th Cir. 1997).   In this regard, "[t]he mere fact that the evidence will damage the defendant's case is not enough--the evidence must be <u>unfairly</u> prejudicial, and the 'unfair prejudice must <u>substantially</u> outweigh the probative value of the evidence.'" <u>United States v. Hammoud</u>, 381 F.3d 316, 341 (4th Cir. 2004) (en banc), <u>vacated on other grounds</u>, 543 U.S. 1097 (2005).

Our review of the trial transcript convinces us that the district court did not abuse its discretion in admitting evidence

of the 1993 conviction.  See United States v. Queen, 132 F.3d at 995 (stating standard of review).  The evidence--a certified copy of the conviction--was clearly reliable.  It was relevant and necessary to the issues of intent, motive, and knowledge.  Further, it helped to establish King's knowledge of the drug trade and his willing participation in the conspiracy.  Additionally, the evidence tended to disprove King's claim that he was present at a motel only to obtain a small amount of cocaine for his personal use and was unaware that a major drug deal was about to occur.  Finally, given the court's curative instruction and the substantial testimony concerning King's role in the conspiracy, the evidence was not unduly prejudicial.

We accordingly affirm the conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED